[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15906
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00029-CR-002-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERNON ANTHONY REID,
a.k.a. Tigger,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 30, 2010)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Vernon Anthony Reid appeals his sentence of 180 months of imprisonment

for robbery. 18 U.S.C. § 2114(a). Reid challenges the enhancement of his sentence for using a firearm and the reasonableness of his sentence. We affirm.

Reid and three coconspirators planned to rob a post office in Macon, Georgia. Several days later, Reid and one coconspirator entered the post office wielding a sawed-off shotgun and a revolver. Reid and his cohort ordered customers to the ground and ordered postal clerks to fill a canvas bag with cash. Reid and his cohort stole $6,769 in currency and three money orders.

Reid agreed to plead guilty to robbery, id., in exchange for the dismissal of a charge of conspiracy, id. § 371. The plea agreement contained a stipulation of fact about the robbery that was "not binding on the Court." The stipulation stated that Reid and his cohort "entered the Post Office each brandishing firearms, a revolver and shotgun."

The presentence investigation report listed a base offense level of 20, United States Sentencing Guideline § 2B3.1(a) (Nov. 2001), and increased that level by six points because a firearm was "otherwise used," id. § 2B3.1(b)(2)(B). The report stated that postal clerks said Reid and his cohort entered the post office, "brandished firearms, ordered customers to the ground," and ordered postal employees to fill a blue canvas bag with cash. According to the clerks, after one postal clerk emptied the contents of his cash drawer into the bag, Reid and his

2

cohort "proceeded to the second clerk's register, with weapons pointing at his face approximately one foot away, yelling at him to empty out the register." The report also stated that federal agents learned Reid used a sawed-off shotgun during the robbery. With an adjusted offense level of 25 and a criminal history of V, the report provided a guideline range between 100 and 120 months of imprisonment. The report stated that Reid was subject to a maximum statutory sentence of 25 years of imprisonment.

Reid objected to the six-level enhancement. Reid argued that the firearm was not "otherwise used" because he "brandished a firearm but never threatened to use the weapon and never pointed the firearm at anyone." Reid requested that the district court instead enhance his sentence by five points for brandishing a firearm, id. § 2B3.1(b)(2)(C).

At the sentencing hearing, the government argued for the six-level enhancement. The government read a statement given by Roy Ryals, a postal clerk, that Reid "stepped in front of me and told me to get the cash out of my drawer," and "stuck the shotgun in my face real close." The district court overruled Reid's objection to the enhancement.

The district court imposed a sentence of 180 months of imprisonment. The district court found that the advisory guideline range failed to account for the

3

circumstances of Reid's offense and that an upward variance would "allow consideration of the nature and circumstances" of Reid's crime and account for other sentencing factors, 18 U.S.C. § 3553(a). The district court later stated that it varied from the advisory guideline range because "the circumstances surrounding the offense, in particular, the fact that weapons were placed in the faces of the victims were not fully taken into account by the guidelines" and the "guideline increase for 'otherwise use' [did] not adequately address the seriousness of [Reid's] action or the danger imposed to the employees and customers."

The district court did not err by applying the "otherwise used" enhancement. The term "otherwise used" is defined as using a "dangerous weapon" during "conduct [that] did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon." U.S.S.G. § 1B1.1, cmt. n.1(I). The evidence established that Reid effectuated the robbery by pointing a sawed-off shotgun in the face of at least one postal clerk. Reid's use of a dangerous firearm communicated to postal employees that their failure to comply with his instructions would result in bodily harm or death. United States v. Cover, 199 F.3d 1270, 1278 (11th Cir. 2000) ("[T]he use of a firearm to make an explicit or implicit threat against a specific person constitutes 'otherwise use' of the firearm."); United States v. Wooden, 169 F.3d 674, 676–77 (11th Cir.

4

1999).

The district court did not abuse its discretion by imposing a sentence above the advisory guideline range. The district court considered the sentencing factors and reasonably determined that an upward variance of 55 months reflected the seriousness of the armed robbery, adequately punished Reid for that crime, deterred him from future similar crimes, promoted respect for the law, and protected the public. We will not disturb a sentence unless "'we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (quoting United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008)). Reid used a weapon capable of inflicting widespread damage to rob a post office during its business hours. Reid's sentence is reasonable.

Reid's sentence is **AFFIRMED**.